UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH CHODKOWSKI,<br>    Plaintiff, | :<br>:<br>: |
| -vs- | :   Civil No.  3:05cv997 (PCD) |
| CUNO INCORPORATED,<br>    Defendant. | :<br>:<br>: |

### RULING ON PLAINTIFF'S MOTION TO COMPEL & FOR SANCTIONS

Defendant moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order directing Plaintiff to comply with Defendant's First Set of Production Requests and Defendant's First Set of Interrogatory Requests and awarding Defendant a reasonable attorneys' fee to cover the costs of preparing the instant motion.  For the reasons stated herein, Defendant's Motion to Compel and Motion for Sanctions [Doc. No. 19] is **granted**.

**I.    BACKGROUND**

In his complaint, filed June 21, 2005, Plaintiff alleges that Defendant, his former employer, discriminated and retaliated against him because of his physical disability (arthritis and gout) by failing to reasonably accommodate his disability and by ultimately terminating his employment.  Plaintiff seeks reinstatement to his former position with Defendant Cuno, Incorporated as well as compensatory and punitive damages.

This Court issued a scheduling order on October 21, 2005, directing that discovery be completed by April 21, 2006.  Subsequently, on November 1, 2005, Defendant served on Plaintiff its First Set of Interrogatories and First Set of Production Requests.  See Def's First Set of Interrogatories, attached as Def's Exh. B; Def's First Set of Production Requests, attached as

Def's Exh. C.  Plaintiff's responses thereto were due on or before December 1, 2005.  Plaintiff failed to respond on or before the December 1 deadline, after which counsel for Defendant contacted Plaintiff's counsel to request full compliance.  See Dec. 20, 2005 Correspondence, attached as Def's Exh. D.  Counsel for Defendant then telephoned Plaintiff's counsel, on January 4, 2006, to inquire as to the status of the discovery requests.  During the phone conversations, Plaintiff's counsel represented to defense counsel that the responses were complete and would be delivered to Defendant no later than January 13, 2006.  Defendant sent a letter to Plaintiff's counsel memorializing the conversation.  See Jan. 4, 2006 Correspondence, attached as Def's Exh. E.

On January 12, 2006, counsel for Defendant contacted Plaintiff's counsel via email in order to remind him of the agreement that the discovery responses would be provided on or before January 13, 2006.  See Jan. 12, 2006 Email Correspondence, attached as Def's Exh. F.  Plaintiff's counsel failed to respond to this email.  Defense counsel subsequently attempted to contact Plaintiff's counsel by telephone on January 18, 2006, however, Plaintiff's counsel did not return the phone call.  See Def's Mem. Supp. at 2.

Defendant filed the instant Motion on January 19, 2006, after which Plaintiff's counsel filed two Motions for Extensions of Time to respond, on February 9, 2006 and February 24, 2006, respectively.  On March 11, 2006, Plaintiff filed his Opposition to Defendant's Motion to Compel and for Sanctions, representing that "Plaintiff has fully complied with the defendant's discovery requests and interrogatories, and served such compliance upon the defendant's counsel on March 11, 2006," and accordingly, argued that "the defendant's motion is moot and should be dismissed."  Pl's Mem. Opp. at 1.

In response, Defendant argued that Plaintiff's representation were misleading and that he had *not* fully complied with the discovery requests. Specifically, Defendant argues that Plaintiff failed to "produce even one document in response to the requests for production and did not fully comply with the interrogatory requests." See Def's Reply at 1.

## II.   DISCUSSION

### A.   Standard

The scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure is very broad, "encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If a party fails to respond or objects to discovery, Rule 37(a) of the Federal Rules of Civil Procedure provides that the requesting party may, "upon reasonable notice to other parties and all persons affected thereby," move to compel compliance. Moreover, Rule 37(d) provides, in pertinent part, that:

> If a party . . . fails . . . to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu

>of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).

**B.     Analysis**

Defendant attempted, multiple times, to obtain Plaintiff's responses to the written discovery prior to filing the instant motion and attached an affidavit in which Defendant's counsel certifies that he made a good faith attempt to resolve the matter. Accordingly, it is found that Defendant's counsel has complied with the threshold requirement in Rule 37(d) that the movant must have "in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action." See Fed. R. Civ. P. 37(d).

1.     Motion to Compel

Although Plaintiff responded to Defendant's First Set of Requests for Production and First Set of Interrogatories, Defendant maintains that Plaintiff failed to produce "even one document responsive to the requests for production" and that his responses to the interrogatory requests were insufficient. See Def's Reply at 1-2. Specifically, Defendant takes issue with Plaintiff's responses to certain requests that he is "currently searching for all such records" or that Defendant can find the documents requested in "Plaintiff's personnel file, CHRO file and all documents and medical records related to his physical disability and applications for short-term and long-term disability." Pl's Resps. and Objs. to Def's Reqs. for Produc. at Nos. 1-4, 6-8, 19, 21-26, 31-35, 38-46, 48-55, 59-67 attached to Def's Reply at Exh. A. At this point in the litigation—now less than a month before the close of discovery—it is unacceptable for Plaintiff

4

to still be searching for records such as "W-2s, 1099s, tax returns and pay stubs." See id. at No. 3.

Moreover, Defendant asserts that it "is not in possession of Plaintiff's medical records as [it] hires an outside third-party to manage its short-term and long-term disability plans." Defendant goes on to say that even if it *did* handle this function in-house, it would still be entitled to a complete copy of Plaintiff's medical records in order to obtain records "above and beyond the select medical records submitted in support of a short or long-term disability application."

Defendants also contend that Plaintiff's responses to its interrogatory requests were deficient. Defendant's Interrogatory No. 3 requested that Plaintiff:

> Identify all persons, other than counsel, who have knowledge of the facts concerning the claims you are asserting in your Complaint. For each such person, provide a full name, current address and telephone number and a summary of the knowledge that you believe each person possesses.

Def's First Set Interrog. Req. at No. 3, attached to Def's Mem. Supp. at Exh. B. Although Plaintiff did provide two names, Defendants take issue with the fact that he failed to provide a summary of knowledge for the two individuals identified. Moreover, Defendants contend that Plaintiff's response "and other employees of the defendant" is insufficient, as Plaintiff must identify those individuals and provide of a summary of the knowledge that each possesses. Def's Reply at 2; see also Pl's Answers and Objs. to Def's Interrogs. at No. 3, attached to Def's Reply at Exh. B. In this same vein, Defendants also argue that Plaintiff's Initial Disclosure Statement is deficient as it fails to identify any individual that has discoverable information or the subject of the information possessed. See Pl's Initial Discl. Statem., attached to Def's Reply at Exh. C.

Defendant's Interrogatory No. 5 requested that Plaintiff:

> Describe all efforts to obtain temporary or permanent employment since March 5, 2002.  Include in such description those periods of time during which you did not actively seek employment, as well as those period [sic] of time during which you were incapable of obtaining employment because of illness, incarceration, incapacity or travel outside the United States.

Def's First Set Interrog. Req. at No. 5, attached to Def's Mem. Supp. at Exh. B.  In response, Plaintiff provided the following information:

> 26 weeks of unemployment following termination; Michael Manufacture Technology, since October 2005, 11.50 per hour, 40 hours a week; I was looking for work since my termination in the factory jobs field in the Meriden and Wallingford areas, since I cannot drive beyond these areas due to by disability and had difficulty walking due to my disability and medications (pain killers, which were causing me drowsiness and fatigue).

Pl's Answers and Objs. to Def's Interrogs. at No. 5.  Defendant contends that Plaintiff's "vague" answer that he was "looking for work since [his] termination" is deficient as it does not provide the specifics requested, such as when and where Plaintiff applied for jobs.  Defendant maintains that this information is "critical" to a determination of whether Plaintiff has made a good faith effort to mitigate the alleged damages.  See Def's Reply at 3.

> Defendant's Interrogatory No. 11 requests that Plaintiff:
>
> Identify the "medications" prescribed to Plaintiff in connection with his disability.  Include in your identification: the doctor that prescribed the mediation [sic]; the purpose of each medication prescribed; and the dates between which the medications were prescribed.

Def's First Set Interrog. Req. at No. 11, attached to Def's Mem. Supp. at Exh. B.  Plaintiff, in response, listed four medicines and the purposes for which they were prescribed, named two doctors who prescribed the medications, and stated that he "d[id] not recall the exact dates of the prescriptions."  Pl's Answers and Objs. to Def's Interrogs. at No. 11.  Defendants claim that Plaintiff's failure to identify specifically which doctor prescribed which medication and the dates

between which the medications were prescriped renders the response inadequate.  See Def's Reply at 3.

      Defendant's Interrogatory No. 12 requests that Plaintiff:

> Describe in detail any and all physical and/or emotional ailment(s) you claim to have suffered, or continue to suffer, as a result of Defendant's alleged wrongful conduct. For each such injury, identify: the date of onset; every doctor, psychiatrist, therapist, social worker or other healthcare provider whom you have seen; the dates of such treatments; the costs of such treatments; any diagnosis or prognosis you have received as a result of your medical consultations; whether these injuries prevent you from seeking or continuing in gainful employment; and whether you suffered or experienced a similar condition in the past, and if so, indicate when and from what.

Def's First Set Interrog. Req. at No. 12, attached to Def's Mem. Supp. at Exh. B.  In response, Plaintiff briefly describes his physical and emotional ailments and vaguely identifies the dates between which they occurred (e.g., "[f]rom about 1998 until about 2002").  Pl's Answers and Objs. to Def's Interrogs. at No. 12.  Defendants argue that Plaintiff's failure to "identify each doctor he saw with regards to each physical or emotional ailment identified," "the dates or costs of such treatments," "any diagnosis or prognosis," "whether these injuries preventing him from seeking or continuing in gainful employment or whether he experienced a similar condition in the past" and his failure to "identify, with any degree of specificity, the dates of onset of each such injury" also rendered this response inadequate.  See Def's Reply at 3-4.

      Finally, Plaintiff provided no substantive answers to Interrogatory Nos. 9, 10, 13, 15 and 18, responding only to object or to note that the information sought "is in defendant's possession" or that "a detailed damage analysis will be provided to the defendant pursuant to the parties [sic] scheduling order.  Pl's Answers and Objs. to Def's Interrogs. at Nos. 9, 10, 13, 15 and 18.  Defendant also argues that to the extent Plaintiff claims, such as in his response to Interrogatory No. 10, that the information sought "is in defendant's possession as part of [his]

7

personnel file," such a response is improper.  As other cases from within this circuit and this district have held, only a full narrative response to an interrogatory comports with the Federal Rules of Civil Procedure.  See, e.g., Pouliot v. Paul Arpin Van Lines, Inc., 2004 U.S. Dist. LEXIS 10871 at *6 (D. Conn. 2004) ("Only a full response to the interrogatories comports with the requirements of the Federal Rules."); New Colt Holding Corp. v. RJG Holdings of Florida, 2003 U.S. Dist. LEXIS 18039 at *6 n.2 (D. Conn. 2003) ("A party may not simply point to prior production and refuse to answer a discovery request absent some showing that identified prior production identifies the responsive information."); In re Savitt/Adler Litigation, 176 F.R.D. 44, 48-50 (N.D.N.Y. 1997) ("The interrogatories seek facts, not documents or tangible objects, and the proper form of response is a narrative answer, not a reference to documents or objects where the answers might be found.").

      2.    Motion for Sanctions

Defendant asks this Court, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, to award Defendant a reasonable attorneys' fee for having to file the instant motion.[1] Defendant argues that because discovery is set to close on April 21, 2006, "there is an urgent need to obtain Plaintiff's written discovery requests so that Defendant can then notice Plaintiff's deposition and complete its discovery prior to the April 21st deadline" and that Plaintiff's counsel's continuing refusal to fully comply with Defendant's discovery requests is prejudicing Defendant's ability to complete discovery in a timely and efficient manner.  Mem. Supp. at 2-3. Defendant also maintains that "[i]t was disingenuous for Plaintiff to claim he fully complied with

---

[1] Rule 37(d) provides, in pertinent part, that "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

the discovery when, in fact, he did not produce even one document responsive to the requests for production." Def's Reply at 1.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Discovery and Motion for Sanctions [Doc. No. 19] is **granted**.  Plaintiff is hereby ordered to fully comply with Defendant's First Set of Production Requests dated November 1, 2005 and Defendant's First Set of Interrogatory Requests dated November 1, 2005 on or before April 7, 2006.  Plaintiff will not be permitted to enter into evidence any information or witnesses not disclosed on or before April 7, 2006—e.g., any witnesses not named cannot testify and no evidence will be permitted on matters not disclosed.  Moreover, Plaintiff is ordered to pay to Defendant, on or before April 7, 2006, the sum of $200.00 for the costs of filing the instant motion and attempting to obtain compliance with the discovery requests.

SO ORDERED.

Dated at New Haven, Connecticut, March  30 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
District of Connecticut